### John B. Steelman

*v.*

### Andrew Blackman.

[Decided January 14th, 1907.]

The purpose of the statutory bill in equity to quiet title to lands, authorized by *3 Gen. Stat. p. 3486*, is to afford a remedy to a person in peaceable possession of lands where no adequate remedy at law exists. The statutory bill will not be entertained where it appears that defendant entered upon the land in question and plowed it for purposes of cultivation only a few weeks before the bill was filed, and that before the bill was filed complainant knew that the plowing had been done and was informed by his neighbors that it had been done by defendant, and, by a reasonable effort, could have procured the necessary evidence of the act of defendant to have based an action at law against him.

On bill to quiet title.

*Messrs. Bourgeois & Sooy,* for the complainant.

*Mr. Harry R. Coulomb,* for the defendant.

LEAMING, V. C. (orally).

The bill is filed under our statute (*3 Gen. Stat. p. 3486*) to quiet title to a tract of land in Atlantic county. Defendant having asked for a feigned issue, pursuant to the statute, the present hearing has been confined to the preliminary inquiry as to whether complainant is entitled to pursue the statutory remedy.

To entitle complainant to pursue this remedy in this court it must appear that, at the time the bill was filed, he was in peaceable possession of the land in question. The purpose of this statute is to afford a remedy in this court where none exists at law, and the requirement of the statute that complainant must be in peaceable possession is but the equivalent of a statement that the remedy under the statute will be confined to that class of cases where the law courts fail to afford an adequate remedy.

The proofs disclose that about a week before this bill was filed defendant entered upon the land in question and for a half day plowed the land for the purpose of cultivation. After the bill was filed defendant finished the plowing and cultivated the land. The proofs also disclose that, at the time the bill was filed, complainant knew that the plowing had been done, and that he was informed by his neighbors that it had been done by defendant. I am entirely clear that under these conditions it was incumbent upon complainant to exercise at least a reasonable effort to procure the necessary evidence upon which to base an action at law before he could properly apply to this court for the statutory remedy under the claim of a peaceable possession. The trespass upon the land in question was of no ordinary character, and the certain ascertainment of who did the plowing was necessarily easy of accomplishment, and my judgment is that that duty rested upon complainant before he became entitled to avail himself of this statutory action. Had complainant made a reasonable effort to ascertain who did the plowing and failed to procure the necessary evidence to enable him to maintain an action at law, a different condition would now be presented; but in view of the well-recognized purpose of the statute to afford

a remedy only where no remedy at law exists, I am of the opinion that complainant is not entitled to invoke the aid of the act.

I entertain some doubt as to the admissibility of the testimony touching the proceedings before the township committee and the notice given by the township clerk. I will, however, deny the motion to strike it out, and the complainant may have the benefit of my refusal to exclude it.

I will advise a decree dismissing the bill for want of jurisdiction of this court to entertain it.